IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN MONTRAIL TRIPLET, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case Number CIV-06-376-C |
| ) | |
| ERIC FRANKLIN, Warden, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This action for habeas corpus relief brought by a prisoner, proceeding pro se, was referred to United States Magistrate Judge Doyle Argo, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Argo entered a Report and Recommendation (R&R) on June 14, 2006, to which Petitioner has timely objected. The Court therefore considers the matter de novo.

The facts and relevant law are set out in full in the accurate and well-reasoned opinion of the Magistrate Judge. No point would be served in repeating that analysis. Petitioner raises two objections to the reasoning employed by the Magistrate Judge. First, Petitioner challenges Judge Argo's analysis of the applicable Oklahoma law. Second, Petitioner appears to challenge Judge Argo's determination that any attempt to raise a claim of ineffective trial counsel would cause the Petition to be deemed mixed as that claim had not been exhausted.

Petitioner's arguments fail to demonstrate any error in the well-reasoned R&R of the Magistrate Judge. The Court's review of the applicable statutes and the evidentiary materials reveals no error in Petitioner's conviction. As Judge Argo correctly noted, prior to the date Petitioner's conviction was entered in CF-2002-3939, he had been transferred to the custody of the Oklahoma Department of Corrections; thus, under Oklahoma law there was no need to certify Petitioner as an adult before treating him as such in CF-2002-3939.

As for the claim of ineffective assistance of trial counsel, the Court likewise notes no error in Judge Argo's disposition of that claim. First, Judge Argo correctly noted that adding the claim at this point would require dismissal of the Petition as the ineffective assistance of trial counsel claim was unexhausted. Further, as Judge Argo correctly noted, Petitioner could not exhaust the claim as it would be procedurally barred[*] based on Petitioner's failure to raise the issue in his direct appeal or first application for post-conviction relief as required under Oklahoma law. Even assuming the claim could be raised, the Court would not consider it as it was raised for the first time in Petitioner's "Response to Respondents [sic] Response for Writ of Hebeas [sic] Corpus.

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, denies this petition for habeas

---

[*] The Court notes that the premise of Petitioner's argument precluding application of the procedural bar is faulty. Petitioner was represented by different counsel at the time of pleading guilty and his state court appeal.

corpus relief.  A judgment will enter accordingly.

    IT IS SO ORDERED this 18th day of July, 2006.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge